# RICHARD H. ROSENBERG
### ATTORNEY AT LAW

217 BROADWAY  
SUITE 707  
NEW YORK, NEW YORK 10007

TEL: 212-586-3838  
FAX: 212-962-5037  
richrosenberg@msn.com

February 14, 2023

Hon. J. Paul Oetken  
United States District Judge  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, NY 10007

                  Re:  United States v. Nunez et al.  
                      22-CR-293 (JPO)

Dear Judge Oetken:

      I am the assigned counsel for **Yorkis Chevalier**, a defendant in the above-captioned case. I write today to request a modification to Mr. Chevalier's bail conditions, namely changing his condition of home detention to a curfew with electronic monitoring. Pretrial Services does not object to this request and the Government takes no position.

      Mr. Chevalier was arrested on August 24, 2022, and was released on a $75,000 bond signed by three financially responsible persons with home detention location monitoring. Mr. Chevalier resides at 124 Fort George Avenue, Apt. G in upper Manhattan with Genesis Ventura (a bond signer) and their two young children. Ms. Ventura's father (also a bond signer) is the superintendent of the building and resides with his wife in an apartment next door to the defendant's apartment. Ms. Ventura's sister also has an apartment in the same building.

      On October 13, 2022, Pretrial Services allowed Mr. Chevalier to work as a handyman helper to his father-in-law at the apartment building where he resides.  In November 2022, December 2022, and January 2023, the Court granted modifications to Mr. Chevalier's terms of

release for family and holiday celebrations. Mr. Chevalier and his family greatly appreciated the Court's consideration. On each occasion, he has demonstrated his trustworthiness by careful adherence to the time limitations of each approved modification.

Now, in anticipation of his sentencing, which is scheduled for May 3, 2023, Mr. Chevalier is applying for jobs that would enable him to earn a higher wage and to provide better for his family, knowing that they will need to save money to help pay for living expenses if he is scheduled to a term of incarceration.

He has asked to modify his home detention to a curfew so that he can more easily go on job interviews and (eventually) to work whatever hours his future employer may set. Pretrial Services agrees to this modification, but notes that if it is granted and if he finds a new job, the condition of release permitting him to work as the handyman helper to his father-in-law would need to be modified.

I therefore respectfully ask the Court to modify Mr. Chevalier's conditions of release to a curfew with electronic monitoring and a condition that he continue to work as the handyman helper at 124 Fort George Avenue unless and until he is offered and accepts a new position.

Thank you for your consideration of this modification requst and for continued courtesies to counsel.

> Respectfully submitted,
> \_\_\_\_/s/_____
> Richard H. Rosenberg, Esq.

Cc:   All counsel (by ECF)

> Granted.
> The bail condition of home confinement is hereby terminated and replaced with the condition of a curfew with electronic monitoring as directed by Pretrial Services.
> So ordered:
>   2/15/2023

_____
J. PAUL OETKEN
United States District Judge